UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

        Plaintiff,

     v.

GHOLAMALI KHALIFEH, et al.,

        Defendants.
_____/

No. C 12-4374 PJH

**ORDER REMANDING CASE**

Plaintiff JPMorgan Chase, National Association ("plaintiff") filed this unlawful detainer action in Marin County Superior Court on June 28, 2012. Defendants Gholamali Khalifeh and Elaheh Amouzadeh ("defendants") were served with the complaint and summons on July 5, 2012, and filed a notice of removal on August 20, 2012, claiming without specific reference to any substantive provision of the complaint, that the "complaint presents federal questions." See Notice of Removal at 2:15. Defendants also claim to have filed a demurrer based on plaintiff's alleged violation of the Protecting Tenants at Foreclosure Act. Id. at 2:24-26. A state court action is removable if the claim is one over which a federal district court has original jurisdiction under 28 U.S.C. § 1441. When a case is removed on the basis of federal question jurisdiction, the federal question must be clear from the face of the complaint in the state court action. See Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936); see also Franchise Tax Bd. v. Const. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 10 (1983) (it is insufficient that a federal question is raised as a defense or as a counterclaim); Rath Packing Co. v. Becker, 530 F.2d 1295, 1303-04 (9th Cir. 1975) (same).

Here, although the removal notice contains certain averments regarding the

proceedings and filings that are a part of the record in the underlying state court proceedings, the fact that venue is proper in this district, and conclusory invocations of original and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, the notice nowhere mentions the existence of any federal claim in the underlying action that would give rise to federal question jurisdiction.

Turning to the underlying complaint itself, it appears to the court that no federal claim has actually been stated. Rather, the complaint is an unlawful detainer action. This is a state law claim, and relief is specifically pled pursuant to California statutory law, under California Code of Civil Procedure § 1161a. See Complaint. Accordingly, there is no basis for federal question jurisdiction that appears from the face of the underlying state court complaint, and no substantiated assertion by defendant that federal question jurisdiction otherwise exists by operation of law.

Moreover, the court notes that in addition to failing to adequately set forth grounds justifying removal of the action, defendants' notice of removal was untimely. Defendants include as an exhibit to their notice of removal a proof of service showing that the underlying state court complaint was served on July 5, 2012. See Notice of Removal, Ex. B. Yet they did not file their notice of removal until August 20, 2012 – approximately 46 days after service of the complaint, and more than two weeks beyond the 30 day limit imposed by 28 U.S.C. § 1446(b).

The court notes that plaintiff filed a motion to remand on August 27, 2012, along with an application for an order shortening time on the motion to remand. See Dkt. 7-8. However, this court may sua sponte remand for lack of subject matter jurisdiction at any time. See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988); 28 U.S.C. § 1447(c). Accordingly, the case is sua sponte REMANDED to the Marin County Superior Court, and plaintiff's motion to remand and application to shorten time are DENIED as moot. This order fully adjudicates all matters pending on the clerk's docket for this case. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 7, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge